IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 15-17736 |
| James M. Cassidy, ) | Chapter 7 |
| ) | Judge Carol A. Doyle |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

## FINAL REPORT AND ACCOUNT

JAMES M. CASSIDY, Debtor herein, by and through his Attorneys, pursuant to Rule 1019 of the Federal Rules of Bankruptcy Procedure, submits this Final Report and Account, stating as follows:

1. On May 20, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Chapter 11 Case").

2. On April 27, 2017, the Chapter 11 Case was converted to a proceeding under Chapter 7 of the Bankruptcy Code.

3. David P. Leibowitz ("Trustee") has been appointed as Chapter 7 Trustee and continues to serve in such capacity.

4. By virtue of the case law regarding property of the estate after conversion, in which the assets of the estate are determined with reference to the date of the filing of the original case, there are no assets to turn over to the Trustee as there were no non-exempt assets as of the filing of the Chapter 11 Case.

5. The adversary proceeding entitled *James M. Cassidy v. Signature Bank*, adversary number 15-00627, which is pending in the Bankruptcy Court ("Retirement Funds Litigation"), involves the recovery of $300,000.00 in retirement funds of the Debtor that were wrongfully set off

by Signature Bank ("Bank") and applied to corporate indebtedness due to the Bank from Cassidy Brothers, Inc., which corporate indebtedness was purportedly personally guaranteed by the Debtor. Since the $300,000.00 are exempt retirement funds that are not property of the estate, the Bank had no right to such funds. For the same reasons, the Trustee and the Chapter 7 estate also have no right to these retirement funds. The Debtor has requested that the Trustee abandon any interest he may have in the Retirement Funds Litigation.

6. Pursuant to Rule 1019 of the Federal Rules of Bankruptcy Procedure, the Debtor has filed a separate Schedule of Unpaid Post-Petition Liabilities existing in the Chapter 11 Case as of conversion.

        Respectfully Submitted
        JAMES M. CASSIDY

By:   /s/ David K. Welch
      One of His Attorneys

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Brian P. Welch, Esq. (Atty. No. 06307292)
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, IL 60603